UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/8/2025

AP MA FUNDING LLC,

                              Plaintiff,

                -against-

CAPS PLANTATION LLC, et al.,

                              Defendant.

25-CV-06934 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction *sua sponte*.

"It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). Where a complaint premised on diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

The Complaint states that Plaintiff is a limited liability company, and its sole member is Forbright Bank. *See* Compl. ¶ 1, Dkt. No. 11. However, the Complaint does not state the place of incorporation and principal place of business of Forbright Bank. Instead, the Complaint states that Forbright Bank is "a state-chartered bank with its main office in Chevy Chase, Maryland." Plaintiff appears to have misapplied the rule for citizenship of *nationally* chartered banks. Based on 28 U.S.C. § 1348, which provides that *national* banks shall "be deemed citizens of the States in which they are respectively located," the Second Circuit has held that "a national bank is a citizen only of the state in which its main office is located" and not its principal place of business. *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 216 (2d Cir. 2016). In contrast, "a state-chartered corporation—which includes state-chartered banks—is a citizen of both the state of incorporation and the state of its 'principal place of business.'" *Id.* at 220 (quoting 28 U.S.C. § 1332(c)(1)).

Within 14 days of this Order, Plaintiff may file an Amended Complaint that expressly alleges the citizenship of Forbright Bank, under the correct standard for state-chartered banks. If, by this date, Plaintiff fails to amend the Complaint to truthfully allege complete diversity of

citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

Dated:  September 8, 2025
        New York, New York

                                    SO ORDERED.

                                    MARGARET M. GARNETT
                                    United States District Judge