USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___12/16/2025___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AP MA FUNDING LLC,

                              Plaintiff,

            -against-                                    25-CV-06934 (MMG)

CAPS PLANTATION LLC, et al.,                            **OPINION & ORDER**

                              Defendants.

MARGARET M. GARNETT, United States District Judge:

Plaintiff AP MA Funding LLC ("Plaintiff") moves for (1) an extension of the deadline to effect service; and (2) leave to serve Defendants Caps Plantation LLC, Caps SE Florida Inc., and Marco Roca, Jr. (collectively, "Defendants") by alternative means. For the reasons set forth below, the request for an extension of time is GRANTED, and the request to serve Defendants by alternative means is DENIED without prejudice.

## BACKGROUND

Plaintiff initiated this action on August 21, 2025, asserting claims against Defendants for breach of contract in connection with a $498,000 loan to Caps Plantation LLC ("Borrower"). Borrower is a limited liability company, and its sole member is Caps SE Florida Inc. (the "Corporation"). Dkt. No. 15 ¶ 2. The Corporation is incorporated under the laws of Florida, and its principal place of business is in Florida. *Id.* ¶ 3. The Corporation has guaranteed Borrower's obligations with respect to the loan and the related loan agreement. *Id.* ¶ 14. The same obligations are also guaranteed by Marco Roca, Jr. ("Roca"), an individual domiciled in Florida. *Id.* ¶¶ 4, 15. The Amended Complaint does not allege any relationship between Roca and Borrower or the Corporation. However, the loan agreement appended to the Amended Complaint shows that a "Marco Roca Sr." signed on behalf of Borrower in his capacity as

1

"President" of the Corporation. *See* Dkt. No. 15-1. Plaintiff alleges that all three Defendants consented to personal jurisdiction in New York in the governing loan documents. Dkt. No. 15 ¶ 8. It does not contend that Defendants ever agreed to waive formal service of process.

Since filing the Complaint, Plaintiff has made five attempts to serve Defendants at three different addresses. Plaintiff attempted to serve Defendants at 15901 Collins Avenue, Unit 1605, Sunny Isles Beach, Florida, on three separate dates: Wednesday, September 24, 2025, at 8:41 p.m.; Friday, September 26, 2025, at 7:53 p.m.; and Thursday, October 2, 2025, at 8:42 a.m. *See* Dkt. No. 20-1. The process server received no answer each time. The process server reported that on the last attempt, he spoke to a front desk employee who stated that "he does not know if anyone is at the property." *Id.* at 2. Plaintiff then attempted service at 19790 West Dixie Highway, Miami, Florida, on October 24, 2025. Dkt. No. 20 at 1. The process server reported that he talked to a front desk employee who said that Roca had resided there but recently moved out. *Id.* at 2. Finally, Plaintiff attempted service at 3201 NE 183rd Street, Unit 2506, Aventura, Florida, on November 1, 2025. *Id.* at 2. The process server was informed that Roca had moved out of that property on October 30, 2025. *Id.*

On December 8, 2025, citing these unsuccessful attempts at service, Plaintiff requested leave from the Court to serve Defendants by alternative means, namely via email to an account supposedly owned by Roca and via email to Robert W. Anthony, Defendants' Florida-based attorney who has been in contact with Plaintiff's counsel regarding this case. *See* Dkt. 20. Plaintiff also requested additional time to effect service.

2

## DISCUSSION

### I.    EXTENSION OF TIME

A plaintiff has 90 days to complete service after the complaint is first filed. Fed. R. Civ. P. 4(m). Because Plaintiff filed the Complaint on August 21, 2025, the time to complete service expired on November 19, 2025. *See Jimenez-Fogarty v. Fogarty*, No. 24-CV-08705 (JLR), 2025 WL 2775988, at *15 (S.D.N.Y. Sept. 30, 2025) (noting that "the filing of an amended complaint does not restart the clock" for service).

"Under Rule 4(m), the Court *must* extend the time to serve if plaintiff has shown good cause, and *may* extend the time to serve even in the absence of good cause." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Although the Court is not convinced that Plaintiff has exercised the requisite diligence to support good cause (including because it did not raise its request until nearly three weeks after the service deadline had already expired, and well over a month after its last attempt at service), the Court nonetheless exercises its discretion to grant an extension of time. Plaintiff shall serve all Defendants by January 16, 2026.

### II.    ALTERNATIVE SERVICE

#### A. Legal Standard

Federal Rule of Civil Procedure 4(e)(1) allows for service to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[1] In the State of New York, sections 308, 311, and 311-a of the New York Civil Practice Law and Rules

---

[1] Although Rule 4(e)(1) on its face applies only to service on individuals, it also applies to service on corporations and other business associations by its incorporation in Rule 4(h).

("CPLR") govern service of process on natural persons, corporations, and limited liability companies, respectively.

As to natural persons such as Roca, CPLR sub-sections 308(1), (2), and (4) "provide for service by personal delivery, delivery and mailing, and nailing and mailing, respectively." *Shim v. Luxury Asset Cap., LLC*, No. 24-CV-09738 (JPC), 2025 WL 3039958, at *1 (S.D.N.Y. Oct. 31, 2025) (quoting *Parisi v. Fretta*, 542 N.Y.S.2d 713, 714 (2d Dep't 1989)).[2] If these "traditional methods of service are 'impracticable,'" CPLR section 308(5) authorizes a court to permit service "through alternative means, including by email." *Tantaros v. Fox News Network, LLC*, No. 25-CV-01675 (VSB), 2025 WL 2237407, at *1 (S.D.N.Y. Aug. 5, 2025); *see also* CPLR § 308(5) (authorizing service of process "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section").

As to foreign corporations such as the Corporation, CPLR section 311(a) provides that service may be completed by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."[3] CPLR § 311(a). If the foreign corporation is authorized to do

---

[2] By its text, CPLR section 308 applies only to service within the state, but section 313 incorporates section 308 and provides that the same rules apply to service on an individual outside of the state, so long as that individual is otherwise subject to jurisdiction in the state under CPLR sections 301 or 302. *See* CPLR § 313; *Bozza v. Love*, No. 15-CV-00271 (LGS), 2015 WL 4039849 at *1 (S.D.N.Y. Jul. 1, 2015). Jurisdiction on the basis of consent is covered by CPLR section 301. *See Paige v. Digital Bus. Networks All., Inc.*, No. 24-CV-3169 (KMK), 2025 WL 753952, at *5 (S.D.N.Y. Mar. 10, 2025).

[3] Service on a foreign corporation may also be completed pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, which similarly permits service by delivery "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and— if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h).

business in New York, a plaintiff may alternatively effect service by delivering or electronically

submitting the summons to the Secretary of State. *See id.*; N.Y. Bus. Corp. Law § 306(b)(1).  If

the foreign corporation is not so authorized but is otherwise subject to personal jurisdiction in

New York, a plaintiff may effect service by delivering or electronically submitting the summons

to the Secretary of State and mailing the summons to the corporation at the address on file with

the equivalent government body in the corporation's home state, or, if no addresses are specified

there, to the last address known to the plaintiff. *See* CPLR § 311(a); N.Y. Bus. Corp. L. § 307.

Like section 308(5), section 311(b) provides that a court may permit alternative service on a

corporation if service via the statutorily defined methods is "impracticable."  CPLR § 311(b).

Lastly, as to limited liability companies such as Borrower, CPLR section 311-a provides

that service:

> shall be made by delivering a copy personally to (i) any member of the limited
> liability company in this state, if the management of the limited liability
> company is vested in its members, (ii) any manager of the limited liability
> company in this state, if the management of the limited liability company is
> vested in one or more managers, (iii) to any other agent authorized by
> appointment to receive process, or (iv) to any other person designated by the
> limited liability company to receive process, in the manner provided by law
> for service of a summons as if such person was a defendant. Service of
> process upon a limited liability company may also be made pursuant to article
> three of the limited liability company law.

CPLR § 311-a.  In turn, the Limited Liability Company Law provides that authorized and

nonauthorized foreign limited liability companies may be served via the Secretary of State, in

accordance with procedures that mirror the requirements set forth above with respect to

corporations.  *See* N.Y. L.L.C. L. §§ 303–304.  If service by the defined methods is

"impracticable," a court is authorized to permit service by alternative means.  CPLR § 311-a(b).

### B. Application

The motion for alternative service is denied because Plaintiff fails to show that service through ordinary means is impracticable. "Although the impracticability standard is not capable of easy definition, in general, a plaintiff must make some showing that the other prescribed methods of service could not be made." *Tantaros*, 2025 WL 2237407, at *1 (quoting *Avail 1 LLC v. Kalsi*, No. 23-CV-01641 (LJL), 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023)). Actual attempts at service under every available method need not be demonstrated, but a plaintiff "must, for each of the [statutorily provided] methods of service, set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances." *Coney v. Trs. of Columbia Univ. in City of New York*, No. 25-CV-05011 (VSB), 2025 WL 1904319, at *1 (S.D.N.Y. July 10, 2025) (quoting *Avail 1 LLC*, 2023 WL 7297214, at *2).

Nowhere does Plaintiff offer a reason why the ordinary means of service are impracticable, but the Court infers from the multiple unsuccessful attempts at service that Plaintiff contends Defendants cannot be located. *See* Dkt. No. 20 at 1–2. Courts have found traditional means of service to be impracticable in cases where a plaintiff demonstrates that it could not locate a defendant despite diligent efforts to identify their whereabouts or contact information, or where a plaintiff shows that a defendant is actively evading service. *See Europgold Ltd. v. Silver N Gold Wholesale, LLC*, No. 1:24-CV-07297 (JLR), 2025 WL 1898949, at *2 (S.D.N.Y. July 9, 2025). But unlike the plaintiffs in those cases, Plaintiff here has made no showing that it conducted diligent searches for relevant addresses or that Defendants have been evading service. *See id.* ("Plaintiff has submitted a detailed declaration outlining counsel's

6

efforts to ascertain [Defendant's] address from public-records searches using the known names of both [Defendant] and his wife.").

Plaintiff has identified three possible addresses where Defendants might be found, but it has not explained the source of those addresses or their significance to Defendants, nor has it explained any efforts undertaken to determine whether Defendants may be found at any other addresses. Plaintiff may well have expended great effort to ascertain the correct addresses for Defendants, but because it has not demonstrated as much to the Court, it has failed to make the required showing of impracticability. *See Lateral Recovery LLC v. Benchmark Builders, Inc.,* No. 22-CV-10447 (JLR), 2023 WL 4549529, at \*2 (S.D.N.Y. July 14, 2023) ("Notwithstanding Plaintiffs' unsuccessful attempts to serve [Defendant] at various addresses, Plaintiffs have not shown sufficient efforts to obtain information about [Defendant's] current residence or whereabouts."); *Zouvelos v. Sur. Fin. of Am., Inc.,* No. 16-CV-01851, 2016 WL 11448125, at \*3 (E.D.N.Y. Dec. 30, 2016) (finding that impracticability was not established where plaintiff provided "scant detail concerning the nature of the searches he has performed or defendant's connection to most of those addresses").

Moreover, the Court notes that Plaintiff fails to demonstrate that Defendants cannot be located at the Sunny Isles Beach address,[4] and Plaintiff may not have been sufficiently diligent in its attempts to serve Defendants at that location. To be clear, a plaintiff contending that service by ordinary means is impracticable need not prove that it made prior service attempts which satisfy the due diligence requirement of CPLR section 308(4). *Avail 1 LLC,* 2023 WL 7297214, at \*2 n.3. However, for a plaintiff seeking to show impracticability based on prior unsuccessful

---

[4] To the extent Plaintiff argues that Defendants' unavailability at the Sunny Beach Isles property is confirmed by the front desk employee's statement that "he does not know if anyone is at the property," *see* Dkt. No. 20-1, the Court is not convinced.

attempts at service, the diligence with which it made those attempts is naturally relevant. *See Coney*, 2025 WL 1904319, at *2 (holding that a plaintiff's "barebones claims that each Defendant was 'unavailable'" failed to demonstrate impracticability because she made "only one attempt at service at their respective places of employment"); *Zavala v. Top Shelf Elec. Corp.*, No. 20-CV-09437 (PAE), 2021 WL 3159849, at *1 (S.D.N.Y. June 14, 2021) (finding service by traditional means was impracticable where "actual prior attempts, *performed with due diligence, have been unsuccessful*") (emphasis added).[5]

Here, the process server's three visits to the Sunny Isles Beach property—all made on weekdays, once in the early morning and twice late in the evening—may not have been sufficiently calculated to attempt service when Defendants were expected to be present. *See Gravitas Search Partners LLC v. Deutsch*, No. 24-CV-02683 (MMG), 2025 WL 2243720, at *17 (S.D.N.Y. Aug. 6, 2025) (explaining that in determining whether attempts at service were diligent, New York courts "examine whether the process server 'attempted service during various days and times—before and after working hours, weekdays and weekends or holidays—when defendant may be reasonably expected to be found at home'") (quoting *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 676 (S.D.N.Y. 2003)). Plaintiff has not indicated what the Sunny Isles Beach property is, nor has it explained why any Defendant could be expected to be located there. These factors are relevant because, for example, if the location is a known business address, the attempts at service would be deficient since they were made outside of regular business hours.

---

[5] Additionally, where a plaintiff asserts that it cannot locate the defendant, the inapplicability of section 308(4)'s due diligence requirement does not diminish a plaintiff's burden to show that it made "diligent, albeit unsuccessful, efforts to obtain information regarding a defendant's current residence, business address or place of abode," as discussed *supra*. *Europgold Ltd.*, 2025 WL 897100, at *2.

8

Further, Plaintiff has not addressed the practicability of any method of service other than personal delivery (presumably to Roca) at the three addresses. As to Roca, even assuming the three attempts in Sunny Isles Beach were diligent, Plaintiff has completely ignored the availability of nail-and-mail service under CPLR section 308(4), and it has not attempted to show why that method would be impracticable. More glaringly, as to Borrower and the Corporation, Plaintiff seems to misapprehend that CPLR section 308 applies to corporations and limited liability companies, given that Plaintiff has apparently not even contemplated service pursuant to the applicable CPLR provisions (sections 311 and 311-a), much less shown that service under those provisions is impracticable. Just as puzzling, Plaintiff never identifies the legal relationship, if any, between Roca and the Corporation or Borrower, and it never explains how its previous attempts to serve Roca could have legally effected service on either of the business entities. The Court deduces that Roca is likely a director or officer of the Corporation, but even so, Plaintiff has failed to show, for example, that there are no other officers, directors, or agents who could receive delivery of the summons, or that such delivery would be impracticable.

The Court appreciates the frustration wrought by the formalities surrounding service of process, especially in cases where the defendants appear to already have actual knowledge of the case against them. But because "valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant," strict adherence to those formalities is necessary. *Sander v. Off. of Comptroller of Currency*, No. 15-CV-05879 (VSB), 2016 WL 11951030, at *5 (S.D.N.Y. Sept. 29, 2016). Moreover, "it is well established that the New York statutory regime for service must be followed strictly." *Hoffman v. Ighodaro*, No. 16-CV-00155, 2016 WL 6093236, at *4 (S.D.N.Y. Sept. 28, 2016), *report and recommendation adopted*, 2016

WL 6092706 (S.D.N.Y. Oct. 18, 2016).  Accordingly, where a plaintiff fails to meet the formal requirements for showing that the prescribed methods of completing service are impracticable, a court is simply "without power" to authorize alternative service.  *Avail 1 LLC*, 2023 WL 7297214, at *2.  That is the case here.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for an extension of time to complete service is GRANTED, and its request for leave to serve Defendants by email is DENIED without prejudice.  By **January 16, 2026**, Plaintiff shall serve Defendants or file a letter on ECF updating the Court on its efforts to do so and, if appropriate, requesting an extension of time.  If it wishes, Plaintiff may also renew its request to serve Defendants by alternative means, provided that it can make the requisite showing of diligence and impracticability.

The Initial Pretrial Conference previously scheduled for December 17, 2025, is ADJOURNED *sine die*.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 20 and 21.

Dated: December 16, 2025
     New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

10