USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 09/23/26

**MEMO ENDORSED**

Application GRANTED. The parties may attend the October 8, 2026 settlement conference remotely. As this is a confidential proceeding, the Court will circulate a video link via email to the addresses on the docket for attorney Blanco and defendant Roca. All other provisions of the Court's Order Scheduling Settlement Conference (Dkt. 62) remain in effect. If attorney Anthony wishes to represent defendant Roca, even for the limited purpose of settlement, he must make an appearance in this case. If attorney Anthony is not admitted in this District, he must move for pro hac admission. SO ORDERED.

Barbara Moses
United States Magistrate Judge
September 23, 2026

Marco Roca Jr.
10130 Northlake Blvd., Suite 214-300
West Palm Beach, FL 33412
(770) 823-1008
marco.roca.jr@reveillehospitality.com
Pro Se Defendant

September 18, 2026

**VIA PRO SE ELECTRONIC FILING**

The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
500 Pearl Street, New York, New York 10007

**Re:** *AP MA Funding LLC v. Caps Plantation LLC, et al.*, No. 1:25-cv-06934 (MMG) (BCM)
**Letter-Motion for Remote Attendance at the October 8, 2026 Settlement Conference**

Dear Judge Moses:

I am Defendant Marco Roca Jr., appearing pro se. I respectfully ask that the settlement conference set for October 8, 2026, at 2:15 p.m. be held by video, and that Robert W. Anthony, Esq., the Florida lawyer who helps me with settlement and the related Florida matters but does not represent me in this case, be allowed to join the conference. By email dated July 23, 2026, Plaintiff's counsel confirmed that Plaintiff "would also prefer remote" and authorized me to advise the Court of that preference, which I did the same day (Exhibit A).

**Information required by the Individual Practices.** The conference was scheduled by the Order dated July 24, 2026 (Dkt. 62). The day before, in the parties' joint email to chambers proposing dates, I asked to appear remotely, noted Plaintiff's preference, and offered to file a motion if required. Chambers responded by email the same day that requests to modify the in-person attendance requirement must be made by letter-motion filed via ECF at least seven calendar days before the conference and "will be granted only on a showing of significant hardship" (Exhibit A). This is that letter-motion, and the first to seek any change to the Order's attendance requirements; I do not seek to adjourn the conference or to modify any other deadline. Plaintiff's position is stated in writing: on July 23, 2026, its counsel confirmed that Plaintiff prefers a remote conference and does not object to Mr. Anthony's participation (Exhibit A).

**Significant hardship supports the request.**

*First,* I am appearing pro se because I have not been able to afford counsel in this action. The two entity defendants, Caps Plantation LLC and Caps SE Florida Inc., could not fund counsel either, as the docket reflects (Dkt. 41, 42). The restaurants they operated failed and have

closed, leaving my family and me financially devastated. I am the only individual defendant and the only defendant who will take part in the conference.

*Second,* the cost of attending in person is significant measured against what I have, and I cannot responsibly afford to have Mr. Anthony fly from Orlando to New York to attend. He bills at $525 per hour. A conference that begins at 2:15 p.m. with no fixed end time cannot reliably be reached from Orlando and returned from in a single day, so a prudent plan commits him to two days: about five hours of travel each way, plus roughly four hours for the conference and preparation. Fourteen hours at his rate is $7,350. His expenses add approximately $1,125: round-trip airfare of about $450; one night of lodging at the federal per diem rate for New York City, $358; meals and incidentals at the federal rate for two travel days, $138; and ground transportation to and from the airports of about $180. My own expenses add approximately $1,075: airfare from South Florida of about $400 and the same lodging, meals and ground transportation, $676. In-person attendance therefore costs approximately $9,550.

*Third,* that cost is more than one-third of everything I have personally. The same money must cover any settlement of this case; a second personal guaranty of comparable size on a loan to an affiliated restaurant entity, originated through the same lending platform as the loan at issue here, which Plaintiff cannot resolve in this action and which I must expect to resolve separately on likely proportionate terms; federal income tax for the last two tax years that I have not been able to pay, with my returns for the last three years on extension, which comes ahead of any judgment; and a judgment I expect soon in an FLSA action in the Southern District of Florida in which I am a named individual defendant. All of this arose from the same business failure. Every dollar spent on travel is a dollar that cannot be offered to Plaintiff. I have kept specific balances out of this public filing and will provide them, with the statements for every personal bank and brokerage account I hold, to the Court privately on request or with my confidential settlement letter under paragraph 3 of the Order.

*Fourth,* Mr. Anthony, of Fassett, Anthony & Taylor in Orlando, advises me on Florida law and on settlement only. At the initial pretrial conference on July 15, 2026, I told Judge Garnett that he would assist me for settlement purposes only; the Court raised no objection, and Plaintiff's counsel, who was present, confirmed in writing on July 23, 2026 that Plaintiff does not object (Exhibit A). Mr. Anthony is handling the related Florida matters arising from the restaurants' failure, including the landlord's claims under the second restaurant's lease, which members of my family guaranteed, so his participation materially improves the prospect of a resolution that accounts for all of them, and video is the only economically realistic way for him to take part.

*Fifth,* the Court has already accommodated remote appearance in this action: Judge Garnett let me attend the July 15, 2026 initial pretrial conference by Microsoft Teams on Plaintiff's consent (Dkt. 55, granting Dkt. 54).

*Sixth,* no party will be prejudiced. The parties consented to immediate referral for settlement, and Judge Garnett adjourned all other deadlines pending the conference (Dkt. 60). Plaintiff has stated in writing that it prefers a remote conference (Exhibit A), and its counsel are in Washington, D.C. and New York. I will attend from a private location with a reliable

connection, on camera throughout, with full authority to resolve the claims against me and, as a principal of the entity defendants, against them.

This request is made more than seven days before the conference. I will comply with the Order's remaining requirements, including the confidential settlement letter and Acknowledgment Form due October 1, 2026, and I thank the Court for its consideration.

Respectfully submitted,

/s/ Marco Roca Jr.
Marco Roca Jr.
Pro Se Defendant (Encl.: Exhibit A)

## EXHIBIT A

*Email correspondence among the parties and the Chambers of Magistrate Judge Moses, July 16 and July 23, 2026, in chronological order. Message text is reproduced verbatim; signature blocks, inline images and external-sender banners are omitted. Times are Eastern.*

**Message 1**
**From:** Moses NYSD Chambers <Moses_NYSDChambers@nysd.uscourts.gov>
**Sent:** Thursday, July 16, 2026, 10:10 a.m.
**To:** blancoa@ballardspahr.com
**Cc:** marco.roca.jr@reveillehospitality.com
**Subject:** SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Good Morning,

AP MA Funding LLC v. Caps Plantation LLC, et al., case number 25-cv-06934-MMG-BCM, has been referred to Magistrate Judge Barbara Moses for settlement. Judge Moses schedules settlement conferences Monday through Thursday at 2:15 p.m. Clients are required at the conference. We request that counsel and the parties confer amongst themselves and provide Judge Moses with three dates, on which both counsel and the parties are available to appear at a settlement conference, in person.

Please provide the dates, via email, by Thursday, July 23, 2026.

Regards,

Chambers of Barbara Moses, United States Magistrate Judge, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007

**Message 2**
**From:** Blanco, Ana <blancoa@ballardspahr.com>
**Sent:** Thursday, July 16, 2026, 1:20 p.m.
**To:** Robert Anthony <ranthony@fassettlaw.com>; Marco Roca Jr <marco.roca.jr@reveillehospitality.com>
**Cc:** Sadler, Jessica Hepburn <SadlerJH@ballardspahr.com>
**Subject:** FW: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Robert and Marco,

Hope all is well. Per the below, Judge Moses is requiring that we email chambers with three proposed dates for a settlement conference. Judge Moses is also requiring an in-person conference, though we can request that it be held remotely.

Do October 6, 7, and 8 work on your end?

Thank you,

Ana

**Message 3**
**From:** Marco Roca Jr <marco.roca.jr@reveillehospitality.com>
**Sent:** Thursday, July 23, 2026, 9:03 a.m.
**To:** Blanco, Ana <blancoa@ballardspahr.com>; Robert Anthony <ranthony@fassettlaw.com>
**Cc:** Sadler, Jessica Hepburn <SadlerJH@ballardspahr.com>
**Subject:** Re: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Ana,

Thank you for pulling the dates together. October 6, 7, and 8 all work on my end, and Robert is available as well, so all three can go to the magistrate judge.

Two items I would like to fold into the email to them. First, as you noted, I would like to request that the conference be held remotely. Please confirm Plaintiff does not object. I believe you all are ok with it as per below, but I'm just making sure. Second, I would like for Robert Anthony to participate in the same limited capacity proposed before: assisting me solely with the related Florida matters for settlement, while I remain pro se in this litigation and NY law matters. I assume it's ok with you all as per below as well, but please confirm.

Proposed language for chambers is below. I am happy to send it myself with you copied, or you are welcome to transmit it, whichever you prefer.

"Dear Chambers: In response to the Court's July 16 email, the parties jointly propose October 6, 7, or 8, 2026, at 2:15 p.m. for the settlement conference. Defendant Marco Roca, Jr., who appears pro se and resides in Florida, respectfully requests permission to appear remotely; the Court has previously granted his remote appearance in this action (ECF 54, 55), and Plaintiff does not object. Mr. Roca is prepared to file another motion for remote appearance if required, addressing the cost and burden of traveling from Florida to appear in New York in person. Based upon the initial pretrial conference feedback with Judge Garnett, Mr. Roca further requests that Robert W. Anthony, Esq., his Florida attorney based in Orlando, who assists him solely with related Florida matters for settlement, be permitted to participate remotely for stated settlement purposes only. Plaintiff does not object."

Thank you,

Marco

**Message 4**
**From:** Blanco, Ana <blancoa@ballardspahr.com>
**Sent:** Thursday, July 23, 2026, 9:28 a.m.
**To:** Marco Roca Jr <marco.roca.jr@reveillehospitality.com>; Robert Anthony <ranthony@fassettlaw.com>
**Cc:** Sadler, Jessica Hepburn <SadlerJH@ballardspahr.com>
**Subject:** Re: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Marco,

That's fine. Usually, the conferences begin at 10 AM or sometime in the early afternoon, I'm not sure if they will permit 2:15 exactly. That said, you have my consent to email the below to chambers. Thank you!

**Message 5**
**From:** Marco Roca Jr <marco.roca.jr@reveillehospitality.com>
**Sent:** Thursday, July 23, 2026, 9:55 a.m.
**To:** Blanco, Ana <blancoa@ballardspahr.com>; Robert Anthony <ranthony@fassettlaw.com>
**Cc:** Sadler, Jessica Hepburn <SadlerJH@ballardspahr.com>
**Subject:** Re: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Thank you, Ana. Agreed that I would prefer earlier too. I'll work that into the email. I took the 2:15 slot from the magistrate's email at bottom of chain but will add something along the lines of both sides prefer earlier if possible.

Have a good rest of your week!

**Message 6**
**From:** Blanco, Ana <blancoa@ballardspahr.com>
**Sent:** Thursday, July 23, 2026, 9:57 a.m.
**To:** Marco Roca Jr <marco.roca.jr@reveillehospitality.com>; Robert Anthony <ranthony@fassettlaw.com>
**Cc:** Sadler, Jessica Hepburn <SadlerJH@ballardspahr.com>
**Subject:** Re: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Got it, didn't see that. We would also prefer remote and you can note that.

You as well!

**Message 7**
**From:** Marco Roca Jr <marco.roca.jr@reveillehospitality.com>
**Sent:** Thursday, July 23, 2026, 10:07 a.m.
**To:** Moses NYSD Chambers <Moses_NYSDChambers@nysd.uscourts.gov>; blancoa@ballardspahr.com; Robert Anthony <ranthony@fassettlaw.com>; Sadler, Jessica Hepburn <sadlerjh@ballardspahr.com>
**Subject:** Re: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Dear Chambers,

In response to the Court's July 16 email, the parties jointly propose October 6, 7, or 8, 2026, at 2:15 pm for the settlement conference. If the Court's calendar permits an earlier start on any of these dates, the parties would welcome it. Otherwise, the 2:15 pm time referenced in the Court's email works for both sides.

Defendant Marco Roca, Jr., who appears pro se and resides in Florida, respectfully requests permission to appear remotely; the Court has previously granted his remote appearance in this action (ECF 54, 55). Plaintiff likewise prefers that the conference be held remotely. Mr. Roca is prepared to file another motion for remote appearance if required, addressing the cost and burden of traveling from Florida to appear in New York in person.

Based upon the initial pretrial conference feedback with Judge Garnett, Mr. Roca further requests that Robert W. Anthony, Esq., his Florida attorney based in Orlando, who assists him solely with related Florida matters for settlement, be permitted to participate remotely for stated settlement purposes only. Plaintiff does not object.

Thank you for your consideration.

Respectfully,

Marco Roca, Jr.

**Message 8**
**From:** Moses NYSD Chambers <Moses_NYSDChambers@nysd.uscourts.gov>
**Sent:** Thursday, July 23, 2026, 4:27 p.m.
**To:** Marco Roca Jr <marco.roca.jr@reveillehospitality.com>; blancoa@ballardspahr.com; Robert Anthony <ranthony@fassettlaw.com>; Sadler, Jessica Hepburn <sadlerjh@ballardspahr.com>
**Subject:** Re: SETTLEMENT CONFERENCE: AP MA Funding LLC v. Caps Plantation LLC, et al (25-cv-06934-MMG)

Counsel,

Requests to modify the in-person attendance requirement must be made by letter-motion, filed via ECF in accordance with the Individual Practices of Judge Moses, at least one week (seven calendar days) before the scheduled conference. Requests to modify the attendance requirements will be granted only on a showing of significant hardship.

Regards,

Chambers of Barbara Moses, United States Magistrate Judge, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, a true and correct copy of the foregoing letter-motion, with Exhibit A, was submitted to the Court via the Pro Se Electronic Filing system and served on all counsel of record by email, including:

Jessica Hepburn Sadler, Esq. (sadlerjh@ballardspahr.com)
Ana Maria Blanco, Esq. (blancoa@ballardspahr.com)
Ballard Spahr LLP
Counsel for Plaintiff AP MA Funding LLC

/s/ Marco Roca Jr.
Marco Roca Jr.
Pro Se Defendant